16 Civ. 08882 (KBF) (JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLUDOTUN AKINDE,

Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITAL
CORPORATION, MS. SHARI SINGLETON,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO DISMISS
THE COMPLAINT**

# ZACHARY W. CARTER

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-314
New York, New York 10007-2601

*Of Counsel*: Cassandra N. Branch
Tel.:  (212) 356-4074

Matter No.: 2017-002955

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

**PRELIMINARY STATEMENT** ...............................................................................- 1 -

**STATEMENT OF FACTS** .....................................................................................- 3 -

**ARGUMENT** ............................................................................................................- 8 -

    POINT I ..................................................................................................................- 8 -

        THE COMPLAINT MUST BE DISMISSED FOR
        LACK OF SUBJECT MATTER JURISDICTION. ...............................- 8 -

    POINT II ...............................................................................................................- 11 -

        THE COMPLAINT FAILS TO STATE A CAUSE
        OF ACTION. ...........................................................................................- 11 -

    POINT III..............................................................................................................- 19 -

        IN THE EVENT THAT DEFENDANTS'
        MOTION IS DENIED, DEFENDANTS SEEK A
        STAY OF THIS ACTION. .....................................................................- 19 -

**CONCLUSION** ......................................................................................................- 21 -

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Acosta v. City of New York*,
  2012 U.S. Dist. LEXIS 60460 (S.D.N.Y. 2012) .................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................11

*Balgley v. New York City Health & Hosps. Corp.*,
  2017 U.S. Dist. LEXIS 3584 (S.D.N.Y. 2017) ..............................................15, 16, 17

*Baum v. Cnty. of Rockland*,
  337 F. Supp. 2d 454 (S.D.N.Y. 2004) ..............................................................16

*Bell Atl. Corp v. Twombly*,
  550 U.S. 544 (2007) .................................................................................11

*Brady v. Wal-Mart Stores, Inc.*,
  531 F.3d 127 (2d Cir. 2008) ........................................................................15

*Burkybile v. Bd. of Educ.*,
  411 F.3d 306 (2d Cir. 2005) ........................................................................19

*Cain v. Esthetique*,
  182 F. Supp. 3d 54, 66 (S.D.N.Y. 2016) ...........................................................16

*Cartagena v. City of New York*,
  257 F. Supp. 2d 708 (S.D.N.Y. 2003) ...............................................................8

*Cosgrove v Sears, Roebuck & Co.*,
  9 F.3d 1033 (2d Cir. 1993) ..........................................................................18

*Deravin v. Kerik*,
  335 F.3d 195 (2d Cir. 2003) ........................................................................15

*DuBois v. Macy's Retail Holdings, Inc.*,
  533 Fed. App'x 40 (2d Cir. 2013) ...................................................................19

*Forgione v. City of New York*,
  2012 U.S. Dist. LEXIS 130960 (E.D.N.Y. 2012) ...............................................15, 16

*Garrett v. Garden City Hotel, Inc.*,
  2007 U.S. Dist. LEXIS 31106 (E.D.N.Y. 2007) .....................................................18

*Genesis Healthcare Corp. v. Symczyk*,
   133 S. Ct. 1523 (2013) ........................................................................10, 11

*Giordano v. City of New York*,
   274 F.3d 740 (2d Cir. 2001) .................................................................16

*Gordon v. New York City Bd. of Educ.*,
   232 F.3d 111 (2d Cir 2000) ..................................................................18

*Hellenic Am. Neighborhood Action Comm. v. City of New York*,
   101 F.3d 877 (2d Cir. 1996) .................................................................13

*Hollander v. Am. Cyanamid Co.*,
   895 F.2d 80 (2d Cir. 1990) ...............................................................18, 19

*Jordan v. Forfeiture Support Assocs.*,
   928 F. Supp. 2d 588 (E.D.N.Y. 2013) ..............................................12, 14, 15, 17

*Kamen v. American Tel. & Tel. Co.*,
   791 F.2d 1006 (2d Cir. 1986) ..................................................................8

*Kinneary v. City of New York*,
   601 F.3d 151 (2d Cir. 2010) .................................................................15

*Kolari v. New York-Presbyterian Hosp.*,
   455 F.3d 118 (2d Cir. 2006) ..................................................................9

*Lary v. Rexall Sundown, Inc.*,
   74 F. Supp. 3d 540 (E.D.N.Y. 2015) ........................................................10

*Littlejohn v. City of New York*,
   795 F.3d 297 (2d Cir. 2015) ..........................................................10, 14, 15, 17

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000) ..............................................................8, 10, 11

*Malik v. Meissner*,
   82 F.3d 560 (2d Cir. 1996) ...................................................................8

*Marino v. Ameruso*,
   837 F.2d 45 (2d Cir. 1988) ..................................................................13

*Matusick v. Erie Cnty. Water Auth.*,
   757 F.3d 31 (2d Cir 2014) ...................................................................19

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
   715 F3d 102 (2d Cir. 2013) ............................................................16, 18, 19

iii

*Missick v. City of New York*,
    707 F. Supp. 2d 336 (E.D.N.Y. 2010) .................................................................16

*Monell v. Dep't of Soc. Servs.*,
    436 U.S. 658 (1978) ...........................................................................................12

*Newton v. City of New York*,
    566 F. Supp. 2d 256 (S.D.N.Y. 2008) ................................................................12

*Nicastro v. Runyon*,
    60 F. Supp. 2d 181 (S.D.N.Y. 1999) ..................................................................18

*Oklahoma City v. Tuttle*,
    471 U.S. 808 (1985) ...........................................................................................12

*Parratt v. Taylor*,
    451 U.S. 527 (1981) ...........................................................................................13

*Pembaur v. City of Cincinnati*,
    475 U.S. 469 (1986) ...........................................................................................12

*Ragusa v. Malverne Union Free Sch. Dist.*,
    381 Fed App'x 85 (2d Cir. 2010) .......................................................................17

*Rattner v. Bd. of Trustees*,
    611 F. Supp. 648 (S.D.N.Y. 1985) .....................................................................20

*Sotomayor v. City of New York*,
    862 F. Supp. 2d 226 (E.D.N.Y. 2012) ...............................................................17

*Spargo v. New York State Comm'n on Jud. Conduct*,
    351 F.3d 65 (2d Cir 2003)..................................................................................20

*Spiegel v. Schulmann*,
    604 F.3d 72 (2d Cir. 2010).................................................................................14

*Spiteri v. Russo*,
    2013 U.S. Dist. LEXIS 128379 (E.D.N.Y. 2013).............................................8, 9

*Sumner v. United States Postal Serv.*,
    899 F.2d 203 (2d Cir. 1990)...............................................................................17

*Treglia v. Town of Manlius*,
    313 F.3d 713 (2d Cir. 2002)......................................................................9, 10, 17

*Univ. of Tex. SW. Med. v. Nassar*,
    133 S.Ct. 2517 (2013).....................................................................................18, 19

*Vill. of W. Hampton Dunes v. New York*,
  89 F. Supp. 3d 433 (E.D.N.Y. 2015) ....................................................8

*Whiting v. Inc. Vill. of Old Brookville*,
  8 F. Supp. 2d 202 (E.D.N.Y. 1998) ....................................................13

*Widomski v. State Univ. of New York*,
  748 F.3d 471 (2d Cir. 2014).............................................................15

*Williams v. New York City Hous. Auth.*,
  458 F.3d 67 (2d Cir. 2006)...............................................................14

*Younger v. Harris*,
  401 U.S. 37 (1971)...........................................................................20

*Zherka v. City of New York*,
  459 Fed. App'x 10 (2d Cir. 2012)................................................12, 13

**State Cases**

*Foster v. New York*,
  157 A.D.2d 516 (1st Dep't 1990) .........................................................9

*New York City Health & Hosps. Corp. v. McBarnette*,
  84 N.Y.2d 194 (1994) ..........................................................................9

*Town of Southampton v. Cnty. of Suffolk*,
  98 A.D.3d 1033 (2d Dep't 2012) ..........................................................9

**Federal Statutes**

28 U.S.C. § 1367(c) .................................................................................9, 10

42 U.S.C. § 1983.................................................................................2, 12, 20

Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ............. *passim*

Americans with Disabilities Act, 42 U.S.C. § 12117(a) ...............................14

**State Statutes**

New York State Human Rights Law, N.Y. Exec. L. §§ 296, *et seq.* .................... *passim*

New York Civil Practice Law and Rules, § 7803 .................................... *passim*

New York Civil Practice Law and Rules, § 7804 .........................................9

**Regulations**

29 C.F.R. § 1630.14(c).................................................................................................16

New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ...................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b) ...........................................................................................8, 10, 11

## PRELIMINARY STATEMENT

Plaintiff, an employee of defendant New York City Health and Hospitals Corporation ("HHC"), was placed on an involuntary medical leave of absence on September 12, 2016, pursuant to HHC's Regulation 1 policy, after he was found psychologically unfit to perform his job duties by an HHC-appointed physician.  Plaintiff was placed on a medical leave of absence, in part, due to his abnormal behavior and claims that Harlem Hospital Center ("Harlem Hospital") staff from were following him.

Plaintiff commenced this action against HHC and HHC's Labor Relations Specialist, Shari Singleton ("Singleton"), on November 14, 2016, and appears to contend that defendants violated his Due Process rights, discriminated and retaliated against him by placing him on an involuntary medical leave of absence.  Plaintiff contends that HHC's decision is related to a 2013 Probable Cause determination from the New York State Division of Human Rights ("SDHR") concerning plaintiff's prior involuntary medical leave of absence under Regulation 1 and his civil action pending in the Supreme Court of the State of New York, New York County.

Defendants now move to dismiss the Complaint.  First, for the most part, the Complaint reiterates plaintiff's grievances about a City agency's determination.  The Complaint must be dismissed for lack of subject matter jurisdiction, because a review of an agency determination is only properly heard by a New York State court, brought pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR").  Further, the Complaint should be dismissed as moot, because plaintiff has already received the relief requested, that is, a hearing in which to appeal his involuntary leave of absence and a formal decision affirming his leave of absence under HHC's Regulation 1 policy.

Second, the Complaint fails to state a cause of action for Due Process violations under § 1983.[1]  HHC's Regulation 1 policy expressly permits HHC to place an employee on a pre-hearing involuntary leave of absence pending medical evaluation by a physician where the employee presents a danger to himself or other people, or his behavior substantially interferes with work.  Moreover, plaintiff cannot maintain a Due Process claim because the Article 78 process provides an aggrieved employee with extensive post-deprivation remedies.

The Complaint also fails to make a cognizable claim for discrimination or retaliation under the ADA, SHRL or CHRL.[2]  The Complaint's factual allegations do not show any nexus between plaintiff's membership in any protected class and HHC's decision to place him on a leave of absence under Regulation 1.  Plaintiff cannot plausibly allege retaliation because the Complaint fails to identify any protected activity that plaintiff engaged in.

Finally, in the event that this Court denies the instant motion to dismiss, it should grant defendants' request for a stay pending resolution of plaintiff's state court action.  A stay of this action would be appropriate, as this Complaint challenges the same conduct alleged by plaintiff in his state court case as continuing discrimination and retaliation by HHC.

Accordingly, the Complaint should be dismissed in its entirety.

---

[1] All references to "1983" are to 42 U.S.C. § 1983.

[2] All references to "ADA" are to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*; to the "SHRL" are to New York Human Rights Law, N.Y. Exec. L. §§ 296, *et seq.*; and to the "CHRL" are to the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.*

## STATEMENT OF FACTS[3]

### A.    Factual Background

Plaintiff *pro se* is employed by defendant HHC as a Coordinating Manager Level B.  He was most recently assigned to work at Harlem Hospital Center, a municipal healthcare facility owned by the City of New York ("City") and operated, in part, by HHC.  *See* Complaint ¶ "9," and HHC Letter from the Office of Labor Relations, dated September 12, 2016 ("HHC's Letter"), which is annexed to the Complaint as Exhibit "B."

On September 12, 2016, plaintiff showed his immediate supervisor, Mark Sollazzo ("Mr. Sollazzo"), some pictures plaintiff had taken of three (3) individuals standing in front of his house located in Mount Vernon, New York.  *See* Complaint ¶¶ "2,"–"3," "8." Plaintiff believed the individuals were Harlem Hospital employees sent by HHC to intimidate and retaliate against plaintiff for filing a lawsuit against HHC in September of 2015.[4]  *See* Complaint ¶¶ "5,"–"7."  After meeting with plaintiff, Mr. Sollazzo reported the incident to defendant Shari Singleton ("Singleton"), a Labor Relations Specialist at HHC.  *See* Complaint ¶¶ "8,"–"9."  That same day, Singleton, accompanied by a Police Officer assigned to HHC, visited plaintiff's work area and issued plaintiff a letter placing him on an involuntary medical leave of absence, pursuant to HHC's Regulation 1 policy, pending a physician's evaluation of plaintiff's fitness to perform the duties of his title.  *See* Complaint ¶ "9," and HHC's Letter, Complaint Ex. "B."  *See*, *also*, HHC Regulation 1 Policy, which is annexed to the Complaint as Exhibit "A." The letter advised plaintiff that, upon request, he would be permitted to draw upon his accrued

---

[3]    For purposes of this motion to dismiss only, the factual allegations in the Complaint are deemed to be true.  This Court may also consider the documents annexed to the Declaration of Assistant Corporation Counsel Cassandra Branch, dated April 14, 2017 ("Branch Dec.").

[4]  A search of federal, state, and municipal dockets and records did not reveal any actions or proceedings filed by plaintiff against HHC, a different City agency, or any individual in their capacity as a City employee in 2015.  *See* Complaint ¶¶ "5,"–"6."

leave time.  *See* Complaint ¶ "9," and HHC's Letter, Complaint Ex. "B."  The letter also contained handwritten notes concerning plaintiff's allegations that some unnamed Harlem Hospital staff members had appeared in disguise in front of his house, appeared at other places unexpectedly, and that plaintiff had spoken Mr. Sollazo regarding his safety concerns.[5]  *See id.*

By letter to defendant Singleton, dated September 13, 2016, plaintiff opposed HHC's decision to place him on pre-hearing involuntary leave of absence.  *See* Complaint ¶ "12," and Plaintiff's Letter of Objection to Regulation 1 Policy, dated September 13, 2016 ("Plaintiff's Objection"), which is annexed to the Complaint as Exhibit "C."  In his letter, plaintiff contended that he merely complained to Mr. Sollazzo about his safety concerns and had not posed a danger to himself, other employees, or HHC property.  *See* Plaintiff's Objection at 1, Complaint Ex. "C."  Plaintiff asked to be returned to work with pay pending a hearing before HHC's Personnel Review Board ("PRB").  *Id.* at 2.

Pursuant to its Regulation 1 policy, HHC sent an agency-appointed physician, Dr. Roger Rahtz, documents detailing the basis for HHC's decision to place plaintiff on a pre-hearing involuntary leave of absence.  *See* Complaint ¶ "11."  *See*, *also*, HHC Regulation 1 Policy, Section III(C)(3), Complaint Ex. "A."  Plaintiff both contends that he never saw those documents, and that they were fabricated to legitimize HHC's actions.  *See* Complaint ¶¶ "11," "13."  Dr. Rahtz evaluated plaintiff on October 19, 2016, and issued his findings in a report that plaintiff received on October 28, 2016.  *See* Complaint ¶ "13."  Plaintiff was not returned to work based on Dr. Rahtz's medical opinion.  *See* Complaint ¶¶ "14," "18."

---

[5]  The letter contains defendant Singleton's signature, but it is unclear whether plaintiff, Singleton, or some other individual made the handwritten notations on the letter, and when those notations were made.

Plaintiff requested, and was afforded, a two-day hearing before the PRB concerning his September, 2016, involuntary leave of absence, pursuant HHC's Regulation 1 Policy. *See* HHC Regulation 1 Policy, Sections III(C)(7) and III(C)(10), Complaint Ex. "A." *See*, *also*, Hearing Officer's Report and Recommendation, dated February 22, 2017 ("Report"), a copy of which is annexed to the Branch Declaration as Exhibit "1," at 2. Following plaintiff's hearing, the Hearing Officer, Peter A. Korn ("Hearing Officer Korn") issued a report affirming plaintiff's placement on an involuntary medical leave of absence pursuant to Regulation 1. The Report explained that Dr. Rahtz had diagnosed that plaintiff with paranoid delusional disorder, and concluded that plaintiff's leave of absence was justified, as testimony by Dr. Rahtz and plaintiff's colleagues revealed that plaintiff's paranoid episodes had adversely affected his relationship with co-workers and interfered with work. *See* Report at 9-11, Branch Dec., Ex. "1." Plaintiff has not yet pursued any administrative or judicial appeal of the Report, and remains on an involuntary medical leave of absence.

**B.     Plaintiff's State Division of Human Rights  Complaints**

Plaintiff filed charges with the State Division of Human Rights ("SDHR") on December 28, 2012, and November 20, 2013, alleging discrimination and retaliation by HHC on the basis of plaintiff's national origin, race, sex, and perceived mental disability. *See* New York State Division of Human Rights Complaint, dated December 28, 2012 ("First SDHR Complaint"), at 6, and New York State Division of Human Rights Complaint, dated November 18, 2013 ("Second SDHR Complaint"), at 6, redacted copies of which are annexed to the Branch Declaration as Exhibits "2," and "3," respectively.[6]  The subjects of those complaints were plaintiff's prior involuntary medical leaves of absences in March of 2011, and January of 2013,

---

[6] Plaintiff electronically filed his First and Second SDHR Complaints as exhibits in *Akinde v. New York City Health and Hospitals Corporation*, Index No. 153641/2016 (Sup. Ct. N.Y. Co. 2016) ("Akinde 'I'"), as Doc. Nos. 21 and 27, respectively.

respectively, as a result of being found psychologically unfit for work.  *See id*.  The SDHR

dismissed plaintiff's first complaint as untimely and issued a finding of probable cause as to

plaintiff's second complaint.   *See* SDHR Determination and Order of Dismissal for

Untimeliness, dated December 11, 2013 ("Untimeliness Dismissal")[7], a copy of which is

annexed to the Branch Affirmation as Exhibit "4."   *See*, *also*, SDHR Determination After

Investigation, dated December 11, 2013, which is annexed to the Complaint as Exhibit "D."

Pursuant to plaintiff's request, the SDHR dismissed plaintiff's second complaint and annulled

plaintiff's election of remedies so that plaintiff could pursue his claims in state court.  *See*

Recommended Order of Annulment of Election of Remedies, dated December 9, 2015 ("Second

Dismissal"), a copy of which is annexed to the Branch Declaration as Exhibit "5."[8]

## C.    Plaintiff's Legal Actions

On February 18, 2014, plaintiff commenced a proceeding in the New York State

Supreme Court pursuant to CPLR Article 78, challenging the PRB's decision affirming HHC's

determination placing plaintiff on an involuntary medical leave of absence in January of 2013,

pursuant to the Regulation 1 policy.  *See* Decision and Order in *Akinde v. Personnel Review

Board, the New York City Health and Hospitals Corporation, et al.*, Index No. 100199/2014

(Sup. Ct. N.Y. Co. 2014), dated January 21, 2015 ("Article 78 Decision"), a copy of which is

annexed to the Branch Declaration as Exhibit "6."[9]  The Court denied HHC's cross-motion to

dismiss the Petition and directed that the proceeding be transferred to the Appellate Division,

---

[7] Plaintiff's Untimeliness Dismissal is electronically filed as an exhibit to defendant HHC's motion to dismiss Akinde "I" as Doc. No. 14.

[8] Plaintiff's Second Dismissal is electronically filed as an exhibit to defendant HHC's motion to dismiss Akinde "I" as Doc. No. 16.

[9] Plaintiff's Article 78 Decision is electronically filed as an exhibit to defendant HHC's motion to dismiss Akinde "I" as Doc. No. 15.

First Department, for resolution of an issue of substantial evidence.  *See id.* at 3.  Plaintiff never served a copy of the order with notice of entry as required.

On April 29, 2016, plaintiff commenced an action against HHC in state court concerning his January, 2013, involuntary leave of absence, alleging discrimination on the basis of a perceived disability and retaliation in violation of the New York State Human Rights Law, New York Executive Law §§ 296, *et seq.* ("SHRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-101, *et seq.* ("CHRL").  *See* Complaint in *Akinde v. New York City Health and Hospitals Corporation*, Index No. 153641/2016 (Sup. Ct. N.Y. Co. 2016), dated April 29, 2016, Doc. No. 1 ("Akinde 'I' Complaint"), a copy of which is annexed to the Branch Declaration as Exhibit "7."  HHC moved to dismiss the Complaint as time-barred, barred by the doctrine of collateral estoppel, and for failure to state a cause of action.  Plaintiff is represented by counsel in that action, and further alleges in his opposition papers that his most recent leave of absence, which began on September 12, 2016, constitutes further discrimination and retaliation by HHC.  *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint, dated September 27, 2016, Doc. No. 18 ("Akinde 'I' Opposition"), a copy of which is annexed to the Branch Declaration as Exhibit "8," at 12, 17, 23.  Plaintiff's counsel in that case asserted the same during the parties' oral argument before Justice Alexander M. Tisch on March 1, 2017, and a decision on HHC's motion to dismiss is still pending.

Plaintiff commenced this action on November 14, 2016, and defendants now move to dismiss the Complaint.

## ARGUMENT

### POINT I

### THE COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

**A.     Motion to Dismiss Standard Under 12(b)(1)**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *See* Fed. R. Civ. P. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A court may refer to evidence outside the pleadings to resolve a motion to dismiss under 12(b)(1). *See Makarova, 201 F.3d at 113* (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 [2d Cir. 1986]). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may refer to evidence outside the pleadings. *See Kamen*, 791 F.2d at 1011. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]).

**B.     Plaintiff's Article 78 Claim Must Be Brought in State Court**

This Complaint must be dismissed for lack of subject matter jurisdiction, as this Court has no jurisdiction over mandamus actions brought against the State or City. *See*, *e.g.*, *Vill. of W. Hampton Dunes v. New York*, 89 F. Supp. 3d 433, 449 (E.D.N.Y. 2015) (citing *Cartagena v. City of New York*, 257 F. Supp. 2d 708, 709 [S.D.N.Y. 2003]) (noting that "[t]he cases that have addressed the issue have consistently declined to exercise supplemental jurisdiction over Article 78 claims"); *Spiteri v. Russo*, 2013 U.S. Dist. LEXIS 128379 at *67-69, n. 25 (E.D.N.Y. 2013) (collecting cases).

An Article 78 proceeding, brought in the New York State Supreme Court, is the proper vehicle for challenging an agency's determination or to compel review of a municipal agency's alleged failure to perform a non-discretionary action.  *See* CPLR §§ 7803, 7804(b). *See*, *e.g.*, *New York City Health & Hosps. Corp. v. McBarnette*, 84 N.Y.2d 194, 205 (1994); *Town of Southampton v. Cnty. of Suffolk*, 98 A.D.3d 1033, 1034 (2d Dep't 2012).  If the essence of a claim is a challenge to an administrative determination by the state, it must be brought as a special proceeding under Article 78.  *See, e.g., Foster v. New York*, 157 A.D.2d 516, 518 (1st Dep't 1990).

Here, the crux of the Complaint is that HHC has allegedly failed to comply with its Regulation 1 policy and violated plaintiff's Due Process rights by placing plaintiff on a pre-hearing involuntary leave of absence.  *See* Complaint ¶¶ "17,"–"18."  This case is clearly a challenge to HHC's decision, and the plaintiff specifically asks the Court for a mandamus to compel action by HHC.  *See* Complaint ¶ "1."  Thus, this Complaint should have been brought pursuant to CPLR Article 78, and is not properly before this Court.  *See Spiteri*, 2013 U.S. Dist. LEXIS 128379 at *67-69, n. 25.

## C.   The Court Should Not Exercise Supplemental Jurisdiction Over State Claims

This Court should decline to exercise supplemental jurisdiction over any remaining state-law claims.  *See* 28 U.S.C. § 1367(c); *Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002) (discussing dismissal of claims under 28 U.S.C. § 1367[c]); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims"). The Complaint raises an issue novel to state law, and as discussed more fully below, plaintiff is barred from pursuing any federal discrimination or retaliation claims due to his failure to exhaust his administrative remedies with

the United States Equal Employment Opportunity Commission ("EEOC").  *See* 28 U.S.C. § 1367(c)(1); *Littlejohn v. City of New York,* 795 F.3d 297, 322 (2d Cir. 2015) (citing 42 U.S.C. § 12117[a]).   Accordingly, the Court should not adjudicate any state law claims made in the Complaint.  *See* 28 U.S.C. § 1367(c); *Treglia*, 313 F.3d at 723.

D.    **The Complaint Is Moot**

HHC's Regulation 1 policy affords an employee placed on a pre-hearing leave of absence the opportunity to object in writing by requesting a hearing before an arbitrator, to challenge the leave of absence with testimonial and documentary evidence in a trial-type hearing, to appeal an arbitrator's adverse determination to the PRB, and to challenge an adverse decision by the PRB in a special proceeding under Article 78.   *See* Regulation 1 Policy at Sections III(C)(10), and III(C)(13), Complaint Ex. "A."   Plaintiff objected to his involuntary medical leave status and requested a hearing in writing on September 13, 2016, but commenced this action prior to his hearing date.  *See*, *generally*, Report, Branch Dec., Ex. "1."

Now, the Complaint should be dismissed as moot because the relief sought has already been granted.   *See Makarova*, 201 F.3d at 113 (where there is no case or controversy, FRCP 12(b)(1) provides that a party may move to dismiss a case for lack of subject matter jurisdiction).   "A case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when the parties lack a legally cognizable interest in the outcome."  *Lary v. Rexall Sundown, Inc.*, 74 F. Supp. 3d 540, 544 (E.D.N.Y. 2015) (quotation and citation omitted). Thus, if "an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot."  *Id.* (quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013).  Plaintiff's request for a hearing before an arbitrator and a formal decision concerning plaintiff's leave of absence is moot because a decision affirming HHC's determination was

issued on February 22, 2017.   Therefore, this Complaint should be dismissed.  *See, e.g., Genesis Healthcare*, 133 S. Ct. at 1528; *Makarova*, 201 F.3d at 113.

**POINT II**

**THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION.**

**A.**      **Motion to Dismiss Standard Under 12(b)(6)**

To the extent that this Court does have subject matter jurisdiction over any of plaintiff's claims, those claims must be dismissed for failure to state a cause of action.  To survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 557 [2007]).  Although plaintiff need not plead a *prima facie* case at the pleading stage, he must allege sufficient facts that allow the Court, in substance, to infer the elements of a *prima facie* case.  *See*, *e.g.*, *Acosta v. City of New York*, 2012 U.S. Dist. LEXIS 60460, at *15-18 (S.D.N.Y. 2012).  Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully… [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief,' and must, therefore be dismissed. *Id.* (citing *Twombly*, 550 U.S. at 570).

While the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint," when considering a motion to dismiss pursuant to Rule 12(b)(6), the Court "need not do so in the face of contrary documentation representing plaintiff's own claims, signed and dated by plaintiff," matters of public record, and documents contradicting the

basis for a Complaint.  *See Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 603-604 (E.D.N.Y. 2013) (collecting cases).   Thus, plaintiff's SDHR Complaints, the orders dismissing those Complaints, the decision concerning plaintiff's Article 78 proceeding, plaintiff's state court Complaint, plaintiff's opposition papers, and the Report affirming plaintiff's Regulation 1 leave of absence, all of which are annexed to the Branch Declaration, may be considered for purposes of this motion to dismiss.  *See id.*

**B.**     **Analysis of Due Process Claims Under § 1983**

To state a claim under § 1983 against a municipality, a plaintiff must allege a constitutional violation was caused by a custom, policy or practice of that municipality.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Municipalities cannot be held liable under § 1983 for the isolated actions of its employees based on the *respondeat superior* theory. *See id.* at 691; *Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008).  Liability may exist where there is a municipal policy as evidence by, for example, the promulgation of a written rule or the routine practice of the agency or if the decision at issue was taken by an official empowered to make policy on that issue.  *See, e.g., Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *Zherka v. City of New  York*, 459 Fed. App'x 10, 12 (2d Cir. 2012).  A single incident, standing alone, is insufficient to allege a municipal policy.  *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Even if plaintiff's Due Process claim is construed as brought pursuant to § 1983, the Complaint fails to describe defendants' actions in terms sufficient to maintain a *Monell* claim, and fails to establish that Singleton was an official with "final policymaking authority" for whose actions the City could be liable.  *See Zherka*, 459 Fed. Appx. at 12.  Plaintiff's only allegation concerning Ms. Singleton is that she documented plaintiff's complaints and issued the letter placing him on involuntary medical leave.  *See* Complaint ¶ "11."  Nothing indicates that

Singleton's alleged fabrication of documents to support plaintiff's most recent involuntary medical leave of absence under the Regulation 1 policy was done in furtherance of any City policy or practice.  *See id.*

Contrary to plaintiff's contentions, HHC's Regulation 1 policy expressly permits the agency to place an employee on a pre-hearing involuntary leave of absence pending a medical evaluation by a physician.  *See* Regulation 1 Policy at Section III(A), Complaint Ex. "A."  Nothing in the Complaint indicates that defendants failed to follow HHC's own regulations or failed to provide plaintiff with the necessary processes.  Even if Regulation 1 did not permit a pre-hearing involuntary leave, however, plaintiff cannot maintain a Due Process claim with allegations that a municipal employee's random, unauthorized act deprived him of property or liberty.  *See Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996).

This falls squarely with the realm of the Supreme Court's holding in *Parratt v. Taylor*, and a long line of precedent, affirming that all the process due for alleged errors in an administrative proceeding is a meaningful and adequate post-deprivation remedy, that is, an Article 78 proceeding.  *See Parratt*, 451 U.S. 527, 542 (1981), overruled in part on other grounds.  *See e.g., Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988); *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 882 (no constitutional violation when Mayor's action was random and unauthorized, but meaningful and adequate State post-deprivation procedure under Article 78 provided all process due); *Whiting v. Inc. Vill. of Old Brookville*, 8 F. Supp. 2d 202, 209-10 (E.D.N.Y. 1998), *aff'd sub nom.*, *Whiting v. Old Brookville Bd. of Police Comm'rs*, 4 Fed. App'x. 11, 13 (2d Cir. 2001) (hearing officer's errors did not constitute a denial of due process, as plaintiff had challenged evidence and penalty under Article 78).  Plaintiff was

- 13 -

represented by counsel of his choice at the hearing, permitted to introduce documentary and testimonial evidence, and to present arguments. *See*, *generally*, Report, Branch Dec., Ex. "1." The Report explained that plaintiff objected to HHC's decision to place him on a pre-hearing leave of absence under Regulation 1, but that HHC had sufficiently demonstrated that plaintiff's removal from the workplace was justified. *See id.* at 9-10. The Regulation 1 policy permitted plaintiff to challenge the Hearing Officer's findings after the Hearing Officer issued the Report affirming plaintiff's leave of absence. *See* Regulation 1 Policy at Section III(C)(7), Complaint Ex. "A." Plaintiff has yet to avail himself of that process.

In this case, plaintiff cannot plausibly claim lack of process because he has been afforded every opportunity to challenge HHC's determination and the result of his Regulation 1 proceeding, and cannot contend that there are insufficient remedies for resolving HHC's alleged Due Process violations. Accordingly, the Complaint must be dismissed.

## C.    Discrimination

To the extent that plaintiff alleges discrimination by defendant Singleton under the ADA, that claim must be dismissed as the ADA does not provide for individual liability. *See Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010). Plaintiff's ADA discrimination claims against HHC must be dismissed due to his failure to file discrimination or retaliation charges with the EEOC. *See* 42 U.S.C. § 12117(a). *See, e.g., Littlejohn,* 795 F.3d at 322 ("an individual must first present 'the claims forming the basis of such a suit . . . in a complaint to the EEOC or the equivalent state agency'") (quoting *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 69 [2d Cir. 2006]); *Jordan*, 928 F. Supp. 2d at 603-604 (plaintiffs in New York have 300 days from the date of accrual to file an ADA charge with the EEOC) (citation omitted). Plaintiff last filed administrative charges concerning discrimination or retaliation by HHC on November 20, 2013, in his Second SDHR Complaint. *See* Second SDHR Complaint, Branch

Dec., Ex. "3."  While those charges were concurrently filed with the EEOC, that occurred long before the events complained of in this action.  *See id.*  Plaintiff does not allege that he ever filed additional EEOC charges or received a Notice of Right to Sue based on any prior events that could be found as reasonably related to those underlying this Complaint.  *See*, *e.g.*, *Littlejohn,* 795 F.3d at 322; *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (claims not asserted in an EEOC charge may only be pursued in federal court if they are reasonably related to claims that were timely filed with the agency).  This mandates dismissal of plaintiff's claim for failure to exhaust his administrative remedies.  *See Littlejohn*, 795 F.3d at 324; *Jordan*, 928 F. Supp. 2d at 605.

Moreover, the Complaint's discrimination claim must be dismissed for failure to state a cause of action.  To state a prima facie case of discrimination under the ADA or SHRL, a plaintiff must allege: (1) that the employer is subject to the statute; (2) that he has a disability within the meaning of the statute; (3) that he was otherwise qualified to perform the essential functions of his position, with or without reasonable accommodation; and (4) that he was fired or suffered adverse employment action because of the disability.  *See, e.g., Kinneary v. City of New York*, 601 F.3d 151, 156 (2d Cir. 2010); *Brady v. Wal-Mart Stores, Inc*., 531 F.3d 127, 134 (2d Cir. 2008).

Under the ADA, an individual is disabled if he or she: (1) has "a physical or mental impairment that substantially limits one or more major life activities"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment."  *See* 42 U.S.C. § 12102(1); *see*, *e.g.*, *Widomski v. State Univ. of New York*, 748 F.3d 471, 474 (2d Cir. 2014); *Forgione v. City of New York*, 2012 U.S. Dist. LEXIS 130960 at *12 (E.D.N.Y. 2012); *Balgley v. New York City Health & Hosps. Corp.*, No. 14 Civ. 9041 (KBF), 2017 U.S. Dist. LEXIS 3584 at

*8 (S.D.N.Y. 2017).  An individual is regarded as having a disability where he establishes that he has been "subjected to an action prohibited under [the statute] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  *See* 42 U.S.C. § 12102(3)(A); *see*, *also*, *Cain v. Esthetique*, 182 F. Supp. 3d 54, 66 (S.D.N.Y. 2016); *Forgione*, 2012 U.S. Dist. LEXIS 130960 at *12.  The CHRL's definition of "disability" is more expansive than that of the ADA and SHRL, and does not require a plaintiff to show that his disability substantially limits a "major life activity."  *See Balgley*, 2017 U.S. Dist. LEXIS 3584 at *11 (citing *Giordano v. City of New York*, 274 F.3d 740, 753 [2d Cir. 2001]).

Plaintiff cannot maintain a cause of action for discrimination against an actual or perceived disability under the ADA for his referrals for psychiatric evaluation, because those alone, do not amount to adverse action.  *See 29 C.F.R. § 1630.14(c)*; *see*, *e.g.*, *Baum v. Cnty. of Rockland*, 337 F. Supp. 2d 454, 473-474 (S.D.N.Y. 2004), *aff'd*, 161 Fed. App'x 62, 64 (2d Cir. 2005); *Forgione*, 2012 U.S. Dist. LEXIS 130960 at *14-15; *Missick v. City of New York*, 707 F. Supp. 2d 336, 348, n. 5 (E.D.N.Y. 2010).   Referrals for medical evaluations that are job related and address an employee's ability to perform job-related functions are expressly permitted under the ADA.  *See id.*  Plaintiff's disability discrimination claim under the SHRL must also be dismissed, as it is subject to the same analysis.  *See Forgione*, 2012 U.S. Dist. LEXIS 130960 at *14- 15.  Plaintiff's claim under the CHRL must also be dismissed. While liability for disability discrimination under the CHRL may exist simply by showing the existence of differential treatment, the instant Complaint fails to meet that basic requirement.  *See, e.g., Balgley*, 2017 U.S. Dist. LEXIS 3584 at *15-16; *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F3d 102, 111 (2d Cir. 2013).  Plaintiff does not contend that he suffered adverse action because of a

perceived or actual disability, and does not allege that he was treated differently than any other employee on the basis of a perceived or actual disability. *See Balgley*, 2017 U.S. Dist. LEXIS 3584 at *15-16; *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 254 (E.D.N.Y. 2012). Even if the Complaint did plead the elements of a *prima facie* case under the federal, state, or City laws, the Report affirming plaintiff's leave of absence shows legitimate non-discriminatory reasons for HHC's actions. *See* Report at 9-11, Branch Dec., Ex. "1."

Accordingly, this claim must be dismissed.

## D.    Retaliation

At the outset, any retaliation claims under the ADA must be dismissed due to plaintiff's failure to file discrimination or retaliation charges with the EEOC and obtain a Notice of Right to Sue. *See, e.g., LittleJohn*, 795 F.3d at 324; *Jordan*, 928 F. Supp. 2d at 605.   Further, the Complaint's retaliation claim must be dismissed because plaintiff failed to plausibly allege that the defendants' actions were the result of his protected activity.

To successfully plead a retaliation claim under the ADA and SHRL, a plaintiff must demonstrate that (1) he engaged in a protected activity; (2) his employer was aware that he participated in that activity; (3) he suffered an adverse employment action based on his activity; and (4) there is a causal connection between the protected activity and the alleged adverse action. *See Ragusa v. Malverne Union Free Sch. Dist.*, 381 Fed App'x 85, 89 (2d Cir. 2010) (citing *Treglia*, 313 F.3d at 719).   Informal protests of discriminatory employment practices, including making complaints to management, may constitute protected activity. *See, e.g., Littlejohn,* 795 F.3d at 317; *Sumner v. United States Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990).   A causal connection may be established either: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through

evidence of retaliatory animus directed against the plaintiff by the defendant." *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir 2000) (citing *Cosgrove v Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 [2d Cir. 1993]).   Proximity in time between a protected action and alleged retaliatory conduct, however, is not enough unless it is very close.  *See*, *e.g.*, *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85-86 (2d Cir. 1990) (three and a half months between protected activity and adverse action was too long to establish retaliation); *Garrett v. Garden City Hotel, Inc.*, 2007 U.S. Dist. LEXIS 31106 at *69 (E.D.N.Y. 2007) (two and one-half-month lapse precluded finding of a causal connection); *Nicastro v. Runyon*, 60 F. Supp. 2d 181, 185 (S.D.N.Y. 1999) ("[c]laims of retaliation are routinely dismissed when as few as three months elapse between the protected EEO activity and the alleged act of retaliation").

If plaintiff successfully pleads a *prima facie* case of retaliation, and the defendant employer offers a legitimate reason for the action taken, it is the plaintiff's burden to show that his protected activity "was a but-for cause of the alleged adverse action by the employer."  *See Univ. of Tex. SW. Med. v. Nassar*, 133 S.Ct. 2517, 2534 (2013).  The analysis under the CHRL is the same, with the exception that the CHRL requires a plaintiff to show "that [he] took an action opposing [his] employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action."  *Mihalik*, 715 F.3d at 112 (citations omitted).

In this case, plaintiff contends that HHC has retaliated against him since he filed a lawsuit against the agency in September of 2015.  *See* Complaint ¶ "6."  As noted above, plaintiff did not file any lawsuits against HHC at any point in 2015.  The only lawsuits plaintiff has filed against HHC within the last three (3) years is the instant action, filed on November 14, 2016, and Akinde "I," which is pending in state court.  While plaintiff cannot plausibly allege

- 18 -

retaliation based on an event that never occurred, both the filing in September of 2015 and plaintiff's filing of Akinde "I," in April of 2016 are too far removed in time from the alleged retaliatory conduct to establish causation.  *See*, *e.g.*, *Hollander*, 895 F.2d at 85-86.

The Complaint does not allege that plaintiff told either Mr. Sollazzo or Singleton that he believed he was being discriminated or retaliated against as a result of filing lawsuits against HHC.  However, to the extent that plaintiff's complaint could be construed as a protected activity, the February 22, 2017, Report shows HHC's legitimate reason for placing plaintiff on an involuntary medical leave of absence.  *See* Report at 9-11, Branch Dec., Ex. "1."  Nothing in the Complaint indicates that any lawsuit or threatened lawsuit, rather than plaintiff's questionable behavior, was the basis for HHC's decision.  *See*, *e.g.*, *Univ. of Tex. SW. Med.*, 133 S.Ct. at 2534; *Mihalik*, 715 F.3d at 112.  Finally, with respect to any SHRL or CHRL retaliation claims, the issues litigated and resolved against plaintiff show legitimate non-retaliatory reasons for HHC's decision, and plaintiff is barred from alleging that those proffered reasons were false. *See*, *e.g.*, *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 49 (2d Cir 2014); *DuBois v. Macy's Retail Holdings, Inc.*, 533 Fed. App'x 40, 41 (2d Cir. 2013); *Burkybile v. Bd. of Educ.*, 411 F.3d 306, 311-13 (2d Cir. 2005).

The Complaint fails to plead retaliation under federal, state, or City laws, and this claim must be dismissed.

## POINT III

### IN THE EVENT THAT DEFENDANTS' MOTION IS DENIED, DEFENDANTS SEEK A STAY OF THIS ACTION.

Plaintiff has already commenced an action in the New York State Supreme Court challenging HHC's decision to place him on an involuntary medical leave pursuant to Regulation 1, in part, on the grounds that his September, 2016, leave of absence constitutes

further discrimination and retaliation by HHC.  Accordingly, defendants seek a stay of this action in the event that the instant Motion to Dismiss is denied.

"A court has the inherent power to stay an action based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  *See Rattner v. Bd. of Trustees*, 611 F. Supp. 648, 653 (S.D.N.Y. 1985) (holding that federal action of plaintiffs' § 1983 claims should be stayed where the facts pleaded in the Complaint were "inextricably intertwined" with plaintiffs' Article 78 cases).

This Complaint challenges the same HHC action that plaintiff complains of in his state court case.  *See* Plaintiff's Opposition at 17, 23, Branch Dec., Ex. "8."  Defendants have cross-moved to dismiss plaintiff's state court Complaint, contending that: (1) HHC followed its policies and procedures; (2) plaintiff has been afforded due process through judicial review of an agency determination under Article 78; (3) plaintiff's claims are at least partially time-barred or barred by the doctrine of collateral estoppel; and (4) that the Complaint fails to state a cause of action for both disability discrimination and retaliation.  A stay of this federal action pending the outcome of plaintiff's state case is warranted as the New York Supreme Court is already reviewing whether HHC's determinations pursuant to Regulation 1 were procedurally proper, and constituted discrimination and retaliation.  *See Younger v. Harris*, 401 U.S. 37, 43 (1971); *Spargo v. New York State Comm'n on Jud. Conduct*, 351 F.3d 65, 77-79 (2d Cir 2003), *cert. den.*, 541 U.S. 1085 (2004) (holding that a stay of the action was warranted pursuant to *Younger*, where plaintiffs had concurrent Article 78 proceedings which would allow review of plaintiffs' constitutional claims on the merits, including the validity of the original disciplinary charges against plaintiffs).  Accordingly, defendants' request for a stay should be granted if the Court denies the instant motion to dismiss.

## CONCLUSION

For the above reasons, defendants respectfully request that their motion to dismiss the Complaint be granted, that the Complaint be dismissed in its entirety, that the relief requested be denied in all respects, that judgment be entered for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              April 14, 2017

                              **ZACHARY W. CARTER**
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-314
                              New York, New York 10007-2601
                              (212) 356-4074


                        By:   [ECF]                /S/
                              _____
                                    Cassandra N. Branch
                                    Assistant Corporation Counsel



**KATHLEEN COMFREY,**
**CASSANDRA BRANCH,**
   Of Counsel