16 Civ. 08882 (KBF) (JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLUDOTUN AKINDE,

                                                                                                    Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITAL CORPORATION, MS. SHARI SINGLETON,

                                                                                                    Defendants.

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

# ZACHARY W. CARTER

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-314
New York, New York 10007-2601

*Of Counsel*: Cassandra N. Branch
Tel.: (212) 356-4074

Matter No.: 2017-002955

# **TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ..................................................................................................- 1 -

STATEMENT OF FACTS ..........................................................................................................- 2 -

ARGUMENT ...............................................................................................................................- 3 -

      POINT I ...........................................................................................................- 3 -

            THE COMPLAINT MUST BE DISMISSED FOR
            LACK OF SUBJECT MATTER JURISDICTION. ................................- 3 -

      POINT II ..........................................................................................................- 5 -

            THE COURT SHOULD DISMISS PLAINTIFF'S
            CLAIMS AS ABANDONED. .................................................................- 5 -

      POINT III .........................................................................................................- 9 -

            THE COURT SHOULD GRANT DEFENDANTS'
            REQUEST FOR A STAY IF IT DENIES THIS
            MOTION TO DISMISS. ........................................................................- 9 -

CONCLUSION ..........................................................................................................................- 10 -

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ace Arts, LLC v. Sony/ATV Music Publ'g, LLC*,
  56 F. Supp. 3d 436 (S.D.N.Y. 2014) ................................................................................... 3, 4

*Anti-Monopoly, Inc. v. Hasbro, Inc.*,
  958 F. Supp. 895 (S.D.N.Y.) ..................................................................................................... 6

*Baum v. Cnty. of Rockland*,
  337 F. Supp. 2d 454 (S.D.N.Y. 2004) ....................................................................................... 7

*Bonilla v. Smithfield Assocs. LLC*,
  2009 U.S. Dist. LEXIS 116233 (S.D.N.Y. 2009) ..................................................................... 6

*Burchette v. Abercrombie & Fitch Stores, Inc.*,
  2010 U.S. Dist. LEXIS 47043 (S.D.N.Y. 2010) ....................................................................... 6

*Cartagena v. City of New York*,
  257 F. Supp. 2d 708 (S.D.N.Y. 2003) ....................................................................................... 3

*Forgione v. City of New York*,
  2012 U.S. Dist. LEXIS 130960 (E.D.N.Y. 2012) ..................................................................... 7

*Genesis Healthcare Corp. v. Symczyk*,
  133 S. Ct. 1523 (2013) .............................................................................................................. 5

*K.D. v. White Plains Sch. Dist.*,
  921 F. Supp. 2d 197 (S.D.N.Y. 2013) ....................................................................................... 9

*Kamen v. Am. Tel. & Tel. Co.*,
  791 F.2d 1006 (2d Cir. 1986) .................................................................................................... 6

*Laurent v. Wilkerson*,
  461 Fed. App'x 18 (2d Cir. 2012) ............................................................................................. 8

*Lipton v. Cnty of Orange*,
  315 F. Supp. 2d 434 (S.D.N.Y. 2004) ....................................................................................... 6

*Makarova v. United States*,
  201 F.3d 110 (2d Cir. 2000) ...................................................................................................... 5

*Marino v. Ameruso*,
  837 F.2d 45 (2d Cir. 1988) ........................................................................................................ 4

*Monell v. Dep't of Soc. Servs.*,
    436 U.S. 658 (1978) ................................................................................................................6

*Parratt v. Taylor*,
    451 U.S. 527 (1981) ................................................................................................................4

*Peacock v. Suffolk Bus Corp.*,
    100 F. Supp. 3d 225 (E.D.N.Y. 2015) .....................................................................................8

*Rattner v. Bd. of Trustees*,
    611 F. Supp. 648 (S.D.N.Y. 1985) ........................................................................................10

*Sotomayor v. City of New York*,
    862 F. Supp. 2d 226 (E.D.N.Y. 2012) .....................................................................................7

*Spargo v. New York State Comm'n on Jud. Conduct*,
    351 F.3d 65 (2d Cir. 2003) ......................................................................................................9

*Thomas v. Atl. Express Corp.*,
    2009 U.S. Dist. LEXIS 27780 (S.D.N.Y. 2009) .....................................................................6

*Treglia v. Town of Manlius*,
    313 F.3d 713 (2d Cir. 2002) ....................................................................................................5

*Vill. of W. Hampton Dunes v. New York*,
    89 F. Supp. 3d 433 (E.D.N.Y. 2015) .......................................................................................3

*Whiting v. Inc. Vill. of Old Brookville*,
    8 F. Supp. 2d 202 (E.D.N.Y. 1998) .........................................................................................4

*Younger v. Harris*,
    401 U.S. 37 (1971) ..................................................................................................................9

**State Cases**

*Foster v. New York*,
    157 A.D.2d 516 (1st Dep't 1990) ............................................................................................3

*New York City Health & Hosps. Corp. v. McBarnette*,
    84 N.Y.2d 194 (1994) .............................................................................................................3

**Federal Statutes**

28 U.S.C. § 1367 ............................................................................................................................5

42 U.S.C. § 1983 ................................................................................................................. 2, 4, 5, 6

Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ................................................. 2, 7

**State Statutes**

New York Civil Practice Law and Rules §§ 7801, *et seq.* ...........................................................4, 5

New York Civil Practice Law and Rules § 7803 ...............................................................................3

New York Civil Practice Law and Rules § 7804 ...............................................................................3

New York Human Rights Law, N.Y. Exec. L. §§ 296, *et seq.* .......................................................2

**Regulations**

*29 C.F.R. § 1630.14* ........................................................................................................................7

New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ...............................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) .....................................................................................................................6

Fed. R. Civ. P. 12(b)(6) .....................................................................................................................6

## **PRELIMINARY STATEMENT**

Plaintiff's opposition papers fail to address – let alone rebut – all of the assertions by defendant New York City Health and Hospitals Corporation ("HHC") in favor of dismissal. As discussed in greater detail both herein and in defendants' moving papers, this Court lacks subject matter jurisdiction over plaintiff's claims. Moreover, plaintiff's failure to respond amounts to an abandonment of his claims, and, as such, the Complaint is subject to dismissal on that ground.

Instead of responding to defendants' assertions, plaintiff opposed defendants' Motion to Dismiss the Complaint ("Defendants' Motion") with myriad new allegations and exhibits, all of which are insufficient to overcome Defendants' Motion, in an apparent attempt to inappropriately amend the Complaint. Consistent with established caselaw, the Court should reject this effort by plaintiff. Notably, moreover, plaintiff admitted to receiving the hearing that the Complaint contends he had not been granted.

As noted in defendants' moving papers, plaintiff is an HHC employee who was placed on an involuntary medical leave of absence on September 12, 2016. This placement was pursuant to HHC's Regulation 1 policy, followed a psychological evaluation by an HHC-appointed physician, and was based, in part, on plaintiff's concerning behavior, which included claiming that Harlem Hospital Center ("Harlem Hospital") staff were following him, and accusing colleagues of attempting to poison or kill him.

The Complaint appears to allege that this involuntary leave of absence violated plaintiff's Due Process rights, and constituted discrimination on the basis of a perceived disability. Plaintiff also contends that this leave of absence was in retaliation for a 2013 Probable Cause determination from the New York State Division of Human Rights ("SDHR")

and plaintiff's civil action currently pending in the Supreme Court of the State of New York, New York County.

Defendants moved to dismiss because: (1) the Court lacks subject matter jurisdiction over mandamus actions brought against the City seeking review an agency determination; (2) the Complaint is moot because plaintiff has already received the relief sought, in that he has already received the hearing that he claims to be seeking; (3) the Complaint fails to state a cause of action for Due Process violations under § 1983[1]; and (4) the Complaint fails to make a cognizable claim for discrimination or retaliation under the ADA, SHRL, or CHRL.[2]  In the alternative, defendants sought a stay of this action based on plaintiff's Complaint pending in State Court.

Defendants now reply in further support of dismissing the Complaint or, in the alternative, for a stay pending the outcome of plaintiff's April, 2016, State Court filing concerning his involuntary leave of absence and alleged discrimination and retaliation.

## STATEMENT OF FACTS

For a Statement of Facts, the Court is respectfully referred to the Branch Declaration submitted in support of this motion, Dkt. No. 13 ("Branch Dec."), and to Defendants' Motion, Dkt. No. 14.

---

[1] All references to "1983" are to 42 U.S.C. § 1983.

[2] All references to "ADA" are to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*; to the "SHRL" are to the New York Human Rights Law, N.Y. Exec. L. §§ 296, *et seq.*; and to the "CHRL" are to the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.*

## ARGUMENT

## POINT I

### THE COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

**A.    Plaintiff's Due Process Claim Must Be Brought in State Court**

It is well settled that a special proceeding, brought in the New York State Supreme Court pursuant to Article 78, is the proper vehicle for challenging an agency's determination. *See* CPLR §§ 7803, 7804 (b). *See*, *e.g.*, *New York City Health & Hosps. Corp. v. McBarnette*, 84 N.Y.2d 194, 205 (1994). District Courts lack subject matter jurisdiction over mandamus actions brought against the State or City. *See*, *e.g.*, *Vill. of W. Hampton Dunes v. New York*, 89 F. Supp. 3d 433, 449 (E.D.N.Y. 2015); *Cartagena v. City of New York*, 257 F. Supp. 2d 708, 709 (S.D.N.Y. 2003).

The instant Complaint, which contends that HHC failed to comply with its Regulation 1 Policy and violated plaintiff's Due Process rights by placing plaintiff on a pre-hearing involuntary leave of absence is, in essence, nothing more than a challenge to an administrative decision. *See, e.g., Foster v. New York*, 157 A.D.2d 516, 518 (1st Dep't 1990). Plaintiff's opposition papers – for the first time – allege that plaintiff was not afforded process during his Regulation 1 administrative hearing, and that HHC or the Personnel Review Board purportedly failed to provide him with the transcript following the close of the proceeding. *See* Plaintiff's Opposition at 12-14, 16-17.[3]  It is axiomatic that plaintiff's Complaint cannot be amended by new allegations in an opposition brief. *See, Ace Arts, LLC v. Sony/ATV Music*

---

[3] Plaintiff inconsistently suggests both that he did not receive a copy of the Hearing Officer's decision, and that he did receive such a copy. *Compare* Plaintiff's Opposition at 13 with Plaintiff's Opposition at 17, ¶ 9 (alleging only that he did not receive the hearing transcript). In any event, a copy of the decision is attached as Exhibit "1," to defendants' moving papers.

*Publ'g, LLC*, 56 F. Supp. 3d 436, 451 (S.D.N.Y. 2014) (internal quotation and citations omitted). Still, even these allegations represent nothing more than a challenge that should have been brought as an Article 78, and, therefore, are subject to dismissal. *See, Parratt v. Taylor*, 451 U.S. 527, 542 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986).

In *Marino v. Ameruso*, the Second Circuit dismissed the claim of a former Department of Transportation ("DOT") employee who alleged that he was deprived of process in his disciplinary hearing by a hearing officer who refused to strike anonymous testimony and allegedly denied him an opportunity to cross-examine the witness. 837 F.2d 45, 46 (2d Cir. 1988). The Second Circuit held that the plaintiff's Due Process claim failed because he did not allege that DOT authorized the hearing officer to deprive him of any procedural rights, or that the procedures for correcting such errors were inadequate under Article 78. *Id.* at 47.

As was the case in *Marino*, plaintiff in this case was entitled to challenge the constitutionality of his administrative proceeding, and cannot maintain a Due Process claim under § 1983 because he fails to plead either that: (1) the City condoned the deprivation of his rights; or (2) there are insufficient remedies for resolving errors resulting from that alleged violation under Article 78. *See*, *Marino*, 837 F.2d at 47. Moreover, plaintiff claims that he was deprived of his Due Process rights during his Regulation 1 proceeding because he did not have an opportunity to cross-examine certain individuals as a result of HHC's decision not to call them as witnesses. *See* Plaintiff's Opposition at 12, 16-17. Nothing indicates that there was any restriction on the witnesses plaintiff was permitted to call or the documents he presented at the hearing. Under *Parratt* and its progeny, this constituted sufficient process. *See, e.g.*, *Parratt*, 451 U.S. at 542; *Marino*, 837 F.2d at 47; *Whiting v. Inc. Vill. of Old Brookville*, 8 F. Supp. 2d 202, 209-10 (E.D.N.Y. 1998), *aff'd sub nom.*, *Whiting v. Old Brookville Bd. of Police Comm'rs*, 4 Fed. App'x

11, 13 (2d Cir. 2001) (plaintiff precluded from claiming Due Process violations based on "denial of the opportunity to present evidence of selective prosecution and to impeach the credibility of a key department witness" in light of remedies available under Article 78).  In sum, to the extent that plaintiff's allegations could be construed as a claim for Due Process violations under § 1983, this action is essentially an Article 78 proceeding, and therefore not properly before this Court.[4]

**B.    The Complaint Should be Dismissed as Moot**

The gravamen of the Complaint is that HHC failed to provide plaintiff with a hearing concerning the decision to place him on an involuntary leave of absence.  This claim is now moot – as well as inaccurate – because, as evidenced by both the Regulation 1 hearing decision and Plaintiff's Opposition, plaintiff did indeed receive the process due to him under Regulation 1.  *See, generally*, Report, Branch Dec., Ex. "1," Dkt. No. 13-1; Plaintiff's Opposition, at 12-13.  As plaintiff has already obtained the relief sought in the Complaint, *i.e.*, an administrative hearing to challenge his leave of absence, there is no case or controversy in this matter, and the Complaint should be dismissed for lack of subject matter jurisdiction.  *See, e.g.*, *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### POINT II

### THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AS ABANDONED.

Plaintiff does not respond to any of the arguments in Defendants' Motion, and the Complaint should be dismissed as a matter of law.  A plaintiff's "failure to provide argument on a point at issue constitutes abandonment of the issue. . . which provides an independent basis for

---

[4] As this Court lacks jurisdiction over any federal claims, it should also decline to exercise supplemental jurisdiction over any remaining state-law claims.  *See* 28 U.S.C. § 1367(c)(3); *Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002).

dismissal." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y.), *aff'd*, 130 F.3d 1101 (2d Cir.1997), *cert. den.*, 525 U.S. 813 (1998). *See, e.g.*, *Burchette v. Abercrombie & Fitch Stores, Inc.*, 2010 U.S. Dist. LEXIS 47043 at *34-35 (S.D.N.Y. 2010) (dismissing plaintiff's § 1981 hostile work environment claim as abandoned); *Bonilla v. Smithfield Assocs. LLC*, 2009 U.S. Dist. LEXIS 116233 at *11-12 (S.D.N.Y. 2009) (dismissing abandoned claims as a matter of law); *Lipton v. Cnty of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("[t]his Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed").

Plaintiff fails to oppose defendants' motion to dismiss the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"), on the grounds that this Court lacks subject matter jurisdiction to adjudicate plaintiff's mandamus action and that the Complaint is moot. *See,* Defendants' Motion at 8-10. Plaintiff's failure to rebut defendants' procedural arguments and admission that he did receive an administrative hearing concerning his involuntary medical leave of absence from HRA, militates in favor of dismissal. *See* Plaintiff's Opposition at 12. *See, e.g., Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (plaintiff asserting subject matter jurisdiction must show that it exists by a preponderance of the evidence); *Thomas v. Atl. Express Corp.*, 2009 U.S. Dist. LEXIS 27780 at *5-6 (S.D.N.Y. 2009) ("[in] his opposition, . . . [plaintiff] failed to respond to [defendant's] . . . argument that his due process claim should be dismissed, and therefore that claim is deemed abandoned").

Plaintiff also fails to oppose defendants' motion to dismiss pursuant to FRCP 12(b)(6), on the grounds that the Complaint fails to state cognizable claims for Due Process violations, discrimination or retaliation. To state a claim under § 1983, a plaintiff must allege that a municipal policy or custom caused a constitutional violation. *See Monell v. Dep't of Soc.*

- 6 -

*Servs.*, 436 U.S. 658, 694 (1978).  The Complaint fails to make this basic assertion and plaintiff does not deny this in his opposition papers.  Plaintiff also does not dispute that he cannot plausibly allege a violation of his Due Process rights because Section III of HHC's Regulation 1 Policy permitted HHC to place plaintiff on a pre-hearing involuntary leave of absence.  *See* Defendants' Motion at 13.  *See also* Regulation 1 Policy at Section III, Complaint, Ex. "A."  Further, plaintiff received a full opportunity to challenge that determination in a full administrative hearing pursuant to Regulation 1, and HHC's policy entitles plaintiff to appeal that result.  *See* Defendants' Motion at 13-14; Regulation 1 Policy at Section III (C)(7), Complaint, Ex. "A."

With respect to plaintiff's discrimination claims, Plaintiff's Opposition does not deny that plaintiff is barred from pursuing discrimination or retaliation claims under the ADA because he failed to file charges with the EEOC.  *See* Defendants' Motion at 14-15.  Plaintiff ignores defendants' argument that referrals for medical evaluations to address an employee's ability to perform job-related functions are expressly permitted under the ADA, and the multiple cases holding that a referral for psychiatric evaluation does not constitute an adverse employment action under the ADA or SHRL.  *See id.* at 16.  *See also 29 C.F.R. § 1630.14(c)*; *Baum v. Cnty. of Rockland*, 337 F. Supp. 2d 454, 473-474 (S.D.N.Y. 2004), *aff'd*, 161 Fed. App'x 62, 64 (2d Cir. 2005); *Forgione v. City of New York,* 2012 U.S. Dist. LEXIS 130960 at *14-15 (E.D.N.Y. 2012).  Any claims under the CHRL must also be dismissed because plaintiff does not contend in the Complaint, or anywhere else, that he was treated differently than another similarly situated employee.  *See, Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 254 (E.D.N.Y. 2012).  Plaintiff cannot maintain a cause of action for discrimination against an actual or perceived disability based on these facts.

Finally, Plaintiff's Opposition ignores defendants' argument that the Complaint cannot support a retaliation claim because the Complaint lacks allegations that plaintiff engaged in some protected activity with a plausible connection to adverse action by HHC. *See* Defendants' Motion at 18-19. Plaintiff does not deny that he cannot claim retaliation based on events that never occurred, such as filing a Complaint against HHC in September of 2015. *See id*. at 18-19. The allegations advanced by plaintiff cannot support a retaliation claim, and that claim must be dismissed as abandoned.

It should be noted that Plaintiff's Opposition includes thirty-six (36) exhibits, many of which are neither related to the Complaint or Defendants' Motion. *See generally*, Plaintiff's Opposition. Plaintiff also makes new allegations that HHC retaliated against him in January of 2016 by pursuing disciplinary charges against him for sleeping during his shift. *See* Plaintiff's Opposition at 16. Finally, as noted above, Plaintiff's Opposition discusses details of events that occurred after he filed the instant Complaint in November of 2016, including: alleged Due Process violations during his Regulation 1 proceeding, plaintiff's psychiatric evaluations by his own independent physicians; plaintiff's subsequent request for reinstatement to work; and HHC's alleged failure to provide plaintiff with benefits during his leave of absence. *See id.* at 12-14, 16-17. These new allegations essentially amend the Complaint, and the Court should decline to consider them in opposition to defendants' motion to dismiss. *See, e.g.*, *Laurent v. Wilkerson,* 461 Fed. App'x 18, 21-22 (2d Cir. 2012) (holding that the District Court properly dismissed claims that were only supported by factual allegations in the *pro se* plaintiff's opposition papers rather than the Complaint); *Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) ("[i]t is well-settled that a plaintiff 'cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss'") (quoting

*K.D. v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 n. 8 [S.D.N.Y. 2013]) (collecting cases). Thus, to the extent that Plaintiff's Opposition makes new allegations and raises claims not previously identified in the Complaint, they should be disregarded and dismissed.

### POINT III

### THE COURT SHOULD GRANT DEFENDANTS' REQUEST FOR A STAY IF IT DENIES THIS MOTION TO DISMISS.

The Complaint in this action challenges almost all of the HHC actions that plaintiff already complains of in state court, and plaintiff does not oppose defendants' request for a stay of this action in the event that defendants' motion to dismiss is denied. A stay of this action pending the outcome of plaintiff's state case is warranted because the state court is currently reviewing whether HHC's determinations pursuant to Regulation 1 were procedurally proper, and whether they constituted discrimination or retaliation. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 43 (1971); *Spargo v. New York State Comm'n on Jud. Conduct*, 351 F.3d 65, 77-79 (2d Cir. 2003), *cert. den.*, 541 U.S. 1085 (2004). As noted above, defendants have cross-moved to dismiss the state Complaint, plaintiff has moved to amend, and a decision is pending. *See* Defendants' Motion at 7; Akinde "I" Opposition at 23-24, Branch Dec., Ex. "8."

Several facts warrant granting defendants' request. First, the only issue in the Complaint not previously raised in plaintiff's prior state action is HHC's alleged failure to hold a hearing concerning plaintiff's September, 2016, involuntary medical leave of absence. As noted above, this is a moot issue because plaintiff received, and acknowledges that he received, a full administrative hearing pursuant to Regulation 1. *See* Report at 2, Branch Dec., Ex. "1," Dkt. No. 13-1. *See also* Plaintiff's Opposition at 12-13. Second, plaintiff's motion in state court for leave to amend his pleading concerning his September, 2016, leave of absence is still pending. *See* Akinde "I" Opposition at 23-24, Branch Dec., Ex. "8," Dkt. No. 13-8. Thus, if

allowed to re-plead, plaintiff will have an opportunity to litigate the exact issues raised in Plaintiff's Opposition in a state court that has jurisdiction over his claims. Finally, a decision on the merits from the New York State Supreme Court would necessarily resolve the vast majority, if not all, of plaintiff's claims in the Complaint. Accordingly, defendants' request for a stay should be granted should the Court deny the instant motion. *See, Rattner v. Bd. of Trustees*, 611 F. Supp. 648, 653 (S.D.N.Y. 1985).

## CONCLUSION

For the above reasons, defendants respectfully request that their motion to dismiss the Complaint be granted, that the Complaint be dismissed in its entirety, that the relief requested be denied in all respects, that judgment be entered for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         May 19, 2017

**ZACHARY W. CARTER**
Corporation Counsel of the
   City of New York
Attorney for Defendants
100 Church Street, Room 2-314
New York, New York 10007-2601
(212) 356-4074

By:   [ECF]            /S/
         Cassandra N. Branch
         Assistant Corporation Counsel