UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

OLUDOTUN AKINDE,

                           Plaintiff,

                -v-

NEW YORK CITY HEALTH AND HOSPITAL
CORP. and SHARI SINGLETON,

                       Defendants.

------------------------------------------------------------- X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: July 7, 2017 |

16-cv-8882 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

On November 14, 2016, pro se plaintiff Oludotun Akinde ("plaintiff")

commence this action seeking injunctive relief to compel his employer, New York

City Health and Hospitals Corporation ("HHC"), and HHC's Labor Relations

Specialist Shari Singleton to provide plaintiff a hearing to contest his placement on

involuntary medical leave.  (Compl., ECF No. 2.)  This matter is before the Court on

defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)

and 12(b)(6).  (ECF No. 11.)  Defendants argue, inter alia, that this action is moot

because plaintiff has already received the injunctive relief he seeks in his complaint.

(Mem. in Support of Motion to Dismiss, ECF No. 14.)  The Court agrees, and the

motion to dismiss is GRANTED.

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to

dismiss for want to subject matter jurisdiction when a matter has become moot and,

therefore, no live case or controversy remains.  "Dismissal of a case for lack of

subject matter jurisdiction under Rule 12(b)(1) is proper when the district court

lacks the statutory or constitutional power to adjudicate it." Ford v. D.C. 37 Union

Local 1549, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) (internal quotation marks

and citation omitted).  Under Article III of the U.S. Constitution, "[w]hen a case

becomes moot, the federal courts lack subject matter jurisdiction over the action."

Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994) (internal

quotation marks and original alternations omitted).  A "suit becomes moot, 'when

the issues presented are no longer 'live' or the parties lack a legally cognizable

interest in the outcome.'"  Chafin v. Chafin, 568 U.S. 165, 172 (2013) (quoting

Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013)).  "In resolving a motion to

dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . .

. may refer to evidence outside the pleadings."  Makarova v. United States, 201 F.3d

110, 133 (2d Cir. 2000).

At the time he filed his complaint, plaintiff was employed by HHC but had

been placed on involuntary medical leave due to HHC's concerns about his

psychological fitness to perform his duties.  On September 12, 2016, plaintiff

showed his supervisor what plaintiff alleged were pictures of HHC employees

standing outside of plaintiff's house and claimed that these individuals were trying

to intimidate plaintiff.  (See Compl. ¶¶ 2-8.)  Plaintiff's supervisor immediately

reported this to HHC Labor Relations, and that afternoon defendant Singleton

arrived with a police officer to place plaintiff on an involuntary medical leave of

absence on a determination of "Unsatisfactory Job Performance of Permanent

Employee Resulting from Medical Disabilities." (Id. ¶¶ 8-9; Declaration of

Cassandra N. Branch ("Branch Decl."), Ex. 1, ECF No. 13-1.)  This incident followed

several instances of paranoid behavior by plaintiff at work, including making

allegations in August 2016 that he was being attacked by his co-workers placing

chemical irritants on his desk and chair. (Branch Decl. Ex. 1.)  On October 19, 2016,

plaintiff met with an HHC physician at defendant's direction for a psychological

evaluation to determine his fitness for duty.  (Compl. ¶ 11; Branch Decl. Ex. 3.)  The

physician diagnosed plaintiff with paranoid delusional disorder with persistent and

fixed persecutory delusions, and determined that plaintiff was not psychologically

fit for duty. (See Compl. ¶¶ 11-14; Branch Decl. Ex.1.)

Plaintiff filed this action on November 14, 2016, asking this Court to compel

defendants either to "comply with the due process of its Regulation .1. policy," or to

"return[ [plaintiff] back to work and drawing regular salary in accordance to

Regulation.1 Policy." (Compl. ¶ 1, 17, 18.)  Construed liberally, the complaint

alleges due process requires that plaintiff be provided a hearing prior to his

placement on involuntary medical leave and requests the injunctive relief of either

being provided a hearing or being removed from involuntary leave.  See Triestman

v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established

that the submissions of a pro se litigant must be construed liberally and interpreted

'to raise the strongest arguments that they suggest.'" (quoting Pabon v. Wright, 459

F.3d 241, 248 (2d Cir. 2006) (emphasis in original)).

Since the filing of this complaint, plaintiff has been afforded his requested

hearing in a proceeding before the HHC's Personnel Review Board on his claim that

he was improperly placed on involuntary medical leave.  (See Branch Decl. Ex. 1.)

After taking testimony from plaintiff and from HHC witnesses, the hearing officer

sustained plaintiff's placement on involuntary medical leave pursuant to HHC's

Regulation One, concluding that plaintiff "exhibited bizarre behavior inappropriate

in a workplace, disruptive to the efficient operation of his unit, resulting in work

performance that affected the reasonable comfort of his co-workers."  (Id. at 12.)

This hearing and determination moots plaintiff's only request for relief, which was

to either be provided a hearing pursuant to Regulation One or returned to duty.[1]

The Court therefore agrees with defendants that this action must be dismissed as

moot.

Defendants make several additional arguments in support of their motion to

dismiss, including that this Court lacks subject matter jurisdiction over plaintiff's

complaint because it relates to claims raised in an Article 78 proceeding.  However,

because plaintiff's request is moot, the Court does not reach the plausibility of

plaintiff's claims under Rule 12(b)(6) or the separate issue of its subject matter

jurisdiction over due process claims arising from an Article 78 proceeding, a

question with federal constitutional dimensions and that has divided courts in this

circuit.  Compare Cartagena v. City of New York, 257 F. Supp. 2d 708, 710

(S.D.N.Y. 2003) (concluding that the court lacked "discretion to exercise

---

[1] Plaintiff's opposition to defendant's motion to dismiss raises many new facts and claims for the first time.  Such allegations are not cognizable when raised for the first time in an opposition to a motion to dismiss.

supplemental jurisdiction over an Article 78 claim"), with, Casale v. Metro. Transp. Auth., No. 05-cv-4232, 2005 WL 3466405, at *6 (S.D.N.Y. Dec. 19, 2005) ("State law may direct that '[a] proceeding under this article shall be brought in [state] supreme court,' but . . . if such a directive could deprive federal courts of jurisdiction, state legislatures, not Congress, would control the power of the federal judiciary."); see also Allstate Ins. Co. v. Serio, 261 F.3d 143, 149-50 (2d Cir. 2001) ("It is axiomatic that the federal courts should, where possible, avoid reaching constitutional questions.").

Defendants' motion to dismiss this action as moot is GRANTED.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion at ECF No. 11 and to terminate this action.

SO ORDERED.

Dated:      New York, New York
            July 7, 2017

_____
          KATHERINE B. FORREST
          United States District Judge

CC:
Oludotun Akinde
485 East Lincoln Avenue
Apt. 216
New York, NY 10552

5