UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

OLUDOTUN AKINDE,

                                            Plaintiff,        **<u>ANSWER</u>**

                - against -                16 Civ. 08882 (GHW)

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                                      Defendant.

------------------------------------------------------------------------- x

        Defendant, by its attorney, James E. Johnson, Corporation Counsel of the City of

New York, for its answer to the Complaint, respectfully alleges as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "1" of the Complaint[1], except admits that plaintiff's

name is Oludotun Akinde, that he is the plaintiff in this action and is proceeding *pro-se*, and that

he has been employed by defendant New York City Health and Hospital Corporation ("NYC

H+H")[2] since July 2005.

        2.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff was

promoted to Coordinating Manager B in February, 2006.

---

[1] The letter entitled "Amended Complaint," filed by plaintiff on September 25, 2019, did not
contain allegations numbered by paragraph.  Therefore, for clarity and the Court's
convenience, defendant has inserted hand-written numbering next to each section of plaintiff's
allegations.  A copy of the Amended Complaint with numbered paragraphs is annexed hereto
as Exhibit "A."  Accordingly, defendant's responses herein correspond to those enumerated
paragraphs.

[2] New York City Health and Hospitals Corporation is now, formally, New York City Health +
Hospitals.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff was assigned to represent Harlem Hospital at NYC H+H's Water Street office.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint with respect to which hospital units were visited by plaintiff, except admits that plaintiff was assigned to Harlem Hospital and reviewed performance metrics.

5.      Denies the allegations set forth in paragraph "5" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Dr. Palmar and Ms. Beverage, admits that NYC H+H posted a vacancy the position of Assistant Director of Risk Management, admits that James Acero was employed by NYC H+H, and admits that Mr. Acero was plaintiff's supervisor.

6.      Denies the allegations set forth in paragraph "6" of the Complaint.

7.      Denies the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiff complained to the office of former New York City Mayor, Michael Bloomberg, regarding plaintiff's work conditions in 2011.

8.      Denies the allegations set forth in paragraph "8" of the Complaint.

9.      Denies the allegations set forth in paragraph "9" of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10," of the Complaint, and respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

11.      Denies the allegations set forth in paragraph "11" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations

concerning statements by William Marshal, and admits that William Marshal was formerly employed by NYC H+H, that plaintiff's employment was suspended in March 2011, and that Jami Kaplan investigated plaintiff's discrimination charge before the New York State Division of Human Rights ("SDHR").

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, and respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, and respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

15.     Denies the allegations set forth in paragraph "15" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what plaintiff "felt," and admits that plaintiff filed a discrimination charge with the SDHR on December 28, 2012, that Ronnell Boylan is Captain of the New York City Police Department ("NYPD") unit assigned to Harlem Hospital, and that plaintiff reported to Boylan being followed by individuals after filing his SDHR discrimination charge.

16.     Denies the allegations set forth in paragraph "16" of the Complaint.

17.     Denies the allegations set forth in paragraph "17" of the Complaint, except admits that Carla Vasquez was employed by NYC H+H and assigned to Harlem Hospital, and that plaintiff was suspended from work and placed on an involuntary medical leave of absence in January, 2013.

18.     Denies the allegations set forth in paragraph "18" of the Complaint, except admits that Mark Sollazzo was employed by NYC H+H and assigned to Harlem Hospital, and respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

19.     Denies the allegations set forth in paragraph "19" of the Complaint, except admits that the SDHR administratively dismissed plaintiff's discrimination charge, and respectfully refers the Court to that document for a complete and accurate statement of its contents.

20.     Denies the allegations set forth in paragraph "20" of the Complaint, except admits that plaintiff's employment was suspended on August 18, 2016, and that plaintiff commenced the action *Akinde v. New York City Health and Hosp. Corp.*, Index No. 153641/2016 on April 29, 2016 in the Supreme Court of the State of New York, County of New York, and respectfully refers the Court to the Complaint in that action for a complete and accurate statement of its contents.

21.     Denies the allegations set forth in paragraph "21" of the Complaint, except admits that Harlem Hospital provided plaintiff with plastic coverings for his workspace, gloves, face masks and aprons for workplace use, and respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

22.     Denies the allegations set forth in paragraph "22" of the Complaint, and respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

23.     Denies the allegations set forth in paragraph "23" of the Complaint, and respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

24.     Denies the allegations set forth in paragraph "24" of the Complaint, except admits that plaintiff was placed on an involuntary medical leave of absence on September 12, 2016, and respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

25.     Denies the allegations set forth in paragraph "25" of the Complaint, except admits that Diones Aquino and Marvin Delmar were employed by NYC H+H during September 2016, and were assigned to Harlem Hospital.

26.     Denies the allegations set forth in paragraph "26" of the Complaint, except admits that Shari Singleton was employed by NYC H+H and assigned to Harlem Hospital's Labor Relations unit, that plaintiff alleged to Singleton and Sollazo on September 12, 2016 that he was followed by NYC H+H employees, and that plaintiff was placed on an involuntary medical leave of absence on September 12, 2016, and respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

27.     Denies the allegations set forth in paragraph "27" of the Complaint.

28.     Denies the allegations set forth in paragraph "28" of the Complaint, and respectfully refers the Court to the cited document for a complete and accurate statement of its contents.

29.     Paragraph "29" of the Complaint does not contain any factual allegations. To the extent that a response is required, defendant admits that plaintiff objected to being placed

on an involuntary medical leave of absence, and respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

30.     Denies the allegations set forth in paragraph "30" of the Complaint, except admits that Dr. Bruce Schweiger issued a report containing a psychiatric assessment of plaintiff, and respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

31.     Denies the allegations set forth in paragraph "31" of the Complaint, except admits that Dr. Kingsley Nwokeji issued a report containing a psychiatric assessment of plaintiff, and respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

32.     Denies the allegations set forth in paragraph "32" of the Complaint, except admits that a hearing concerning plaintiff's placement on an involuntary leave of absence pursuant to NYC H+H Regulation 1 was held on December 5, 2016 and January 4, 2017.

33.     Denies the allegations set forth in paragraph "33" of the Complaint, except admits that Peter Korn[3] presided over plaintiff's Regulation 1 administrative hearing as Hearing Officer, and that plaintiff commenced an action in New York State Supreme Court on April 29, 2016, and respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

34.     Denies the allegations set forth in paragraph "34" of the Complaint, and respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

---

[3] Erroneously referred to in the Complaint as "Mr. Khan."

35.     Denies the allegations set forth in paragraph "35" of the Complaint, except admits that Doctors Kingsley Nwokeji and Bruce Schweiger each issued a report containing their psychiatric assessments of plaintiff, and respectfully refers the Court to the cited exhibits for a complete and accurate statement of their contents.

36.     Paragraph "36" of the Complaint does not contain any factual allegations. To the extent that a response is required, defendant admits that the United States Second Circuit Court of Appeals issued a Summary Order concerning plaintiff's appeal in this matter, and respectfully refers the Court to the cited exhibit for a complete and accurate statement of its contents.

37.     Denies the allegations set forth in paragraph "37" of the Complaint, except admits that plaintiff's attorney issued a letter to NYC H+H, and that Indramattie Harillal is employed by NYC H+H, and respectfully refers the Court to the cited exhibits for a complete and accurate statement of their contents.

38.     Denies the allegations set forth in paragraph "38" of the Complaint, except admits that plaintiff purports to proceed as set forth in that paragraph, and respectfully refers the Court to the cited transcript for a complete and accurate statement of its contents.

39.     Paragraph "39" of the Complaint states conclusions of law for which no response is required.  To the extent that a response is required, defendant denies the allegations set forth in this paragraph.

40.     Paragraph "40" of the Complaint states conclusions of law for which no response is required.  To the extent that a response is required, defendant denies the allegations set forth in this paragraph.

41.     Paragraph "41" of the Complaint states conclusions of law for which no response is required.  To the extent that a response is required, defendant denies the allegations set forth in this paragraph.

42.     Denies the allegations set forth in paragraph "42" of the Complaint.

43.     Paragraph "43" of the Complaint states conclusions of law for which no response is required.  To the extent that a response is required, defendant denies the allegations set forth in this paragraph.

44.     Paragraph "44" of the Complaint states conclusions of law for which no response is required.  To the extent that a response is required, defendant denies the allegations set forth in this paragraph.[4]

## AS AND FOR A FIRST DEFENSE DEFENDANT RESPECTFULLY ALLEGES:

45.     The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE DEFENDANT RESPECTFULLY ALLEGES:

46.     The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A THIRD DEFENSE DEFENDANT RESPECTFULLY ALLEGES:

47.     Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

---

[4] The remainder of the Complaint, with the exception of plaintiff's demand for relief and conclusion, consists of exhibits, thus no response is necessary.  *See* Complaint at 11–15, Ex. "A."

**AS AND FOR A FOURTH DEFENSE**
**DEFENDANT RESPECTFULLY ALLEGES:**

48.     The damage claims contained in the Complaint are barred, in whole or in part, by plaintiff's failure to mitigate damages.

**AS AND FOR A FIFTH DEFENSE**
**DEFENDANT RESPECTFULLY ALLEGES:**

49.     Any adverse employment actions taken by defendant were based upon legitimate, non-discriminatory, non-retaliatory business reasons.  At all times relevant to the Complaint, defendant acted lawfully, properly, rationally, without malice and in good faith.

**AS AND FOR A SIXTH DEFENSE**
**DEFENDANT RESPECTFULLY ALLEGES:**

50.     The Complaint is barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion, *res judicata*, collateral estoppel, judicial estoppel or any combination of these doctrines.

**AS AND FOR A SEVENTH DEFENSE**
**DEFENDANT RESPECTFULLY ALLEGES:**

51.     The Complaint is barred, in whole or in part, by plaintiff's failure to exhaust administrative remedies.

**WHEREFORE**, defendant respectfully requests that the Complaint be dismissed in its entirety, that the relief requested be denied in all respects, that judgment be entered for defendant, and that defendant be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              November 21, 2019

                                        **JAMES E. JOHNSON**
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendant
                                        100 Church Street, Room 2-140
                                        New York, New York 10007-2601
                                        (212) 356-4074
                                        cbranch@law.nyc.gov


                             By:     [ECF]                /S/
                                     _____
                                        Cassandra N. Branch
                                        Assistant Corporation Counsel




To:    **OLUDOTUN AKINDE**
       Plaintiff Pro Se
       (By ECF and Mail)